Hon. Thomas S. Zilly

FILED ___ LODGED ___ ENTERED ___ RECEIVED

NOV 20 2002

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
BY _____ DEPUTY

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THANH VAN LE,

        Defendant.

NO. 02-0294Z

PLEA AGREEMENT

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Katheryn Kim Frierson, Assistant United States Attorneys for the same District, and the defendant, Thanh Van Le, and his attorney, Eric C. Hoort, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(e):

1.    <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the charge of Conspiracy to Distribute Marijuana, as charged in Count 1 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. By entering the plea of guilty, Defendant hereby waives any and all objections to the

Plea Agreement/Le/CR02-0294Z - 1

form of the charging document.

2. <u>Elements of the Offense</u>. The elements of the offense of Conspiracy to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846 are as follows:

First, that there was an agreement between two or more persons to distribute marijuana in the Western District of Washington; and

Second, that Defendant entered into the conspiracy knowing of its object and intending to help accomplish it.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Conspiracy to Distribute Marijuana as charged in Count 1 are imprisonment for up to twenty (20) years, a fine of up to one million dollars ($1,000,000), a period of supervision following release from prison of three (3) years up to five (5) years, and a one hundred dollar ($100.00) penalty assessment.

Defendant understands that by pleading guilty to a felony drug offense, he will become ineligible for certain food stamp and social security benefits under 21 U.S.C. § 862a.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement/Le/CR02-0294Z - 2

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty, and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

   e. The right to confront and cross-examine witnesses against Defendant;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf;

   g. The right to testify or to remain silent at trial, which such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>Applicability of Sentencing Guidelines</u>. Defendant understands and acknowledges the following:

   a. The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

   b. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c. The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

1    d.    The Court is not bound by any recommendation regarding the
2 sentence to be imposed, or by any calculation or estimation of the Sentencing
3 Guidelines range offered by the parties, or by the United States Probation Department;
4 and

5    e.    Defendant may not withdraw a guilty plea solely because of the
6 sentence imposed by the Court.

7    6.    Ultimate Sentence. Defendant acknowledges that no one has promised or
8 guaranteed what sentence the Court will impose.

9    7.    Factual Basis. The parties agree on the following facts in support of
10 Defendant's guilty plea and for purposes of calculating the base offense level of the
11 Sentencing Guidelines. Defendant admits he is guilty of these charged offenses.

12    a.    During 2002, THANH VAN LE knowingly and intentionally
13 agreed with others to distribute marijuana in the Western District of Washington.
14 Specifically, LE agreed to be paid $400 to pick up vehicles containing marijuana left by
15 others at various locations and drive them to his residence at 11225 12th Avenue SW in
16 Seattle, Washington. At the Seattle residence, LE agreed to unload the marijuana and
17 store it for eventual distribution.

18    b.    On August 24, 2002, LE was directed to go to a strip mall located
19 in the 9600 block of 16th Avenue SW in White Center and pick up a White Mercury
20 Cougar, Washington License # 127ELW . At approximately 10:00 a.m., LE arrived at
21 the strip mall, located the White Cougar, took the keys and the money left on the floor
22 of the car near the pedals, and drove the car to his residence at 11225 12th Avenue
23 SW. Once at the residence, he backed the car into the garage and unloaded two bags
24 full of marijuana and placed them with the other bags of marijuana that were being
25 stored in the garage.

26    c.    LE was in the process of driving the car to the Albertson's Grocery

27
28 Plea Agreement/Le/CR02-0294Z - 4

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

Store to leave it for the co-conspirator to pick up when he was placed under arrest. In the garage of Le's residence at 11225 12th Avenue SW, law enforcement recovered a total of 75 kilograms of marijuana.

8. <u>Factual Stipulation</u>. Defendant further understands that, in order to invoke the statutory sentence set forth above, the United States would have had to prove beyond a reasonable doubt at trial that the offense charged in Count I involved over 50 kilograms of marijuana. Defendant waives his right to require the United States to make this proof, and stipulates that this plea of guilty includes his acknowledgment that the offense involved 75 kilograms of marijuana.

9. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

10. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal

Plea Agreement/Le/CR02-0294Z - 5

conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a sentencing enhancement or upward departure based on that conduct.

11. **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1(a) and if the offense level is sixteen (16) or greater, Defendant's total offense level should be decreased by three (3) levels pursuant to U.S.S.G. § § 3E.1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Safety Valve.** Based upon the evidence known to the United States at the time of this Plea Agreement, the United States agrees that Defendant qualifies for the safety valve provision of USSG § 5C1.2, if he provides all information and evidence about the offense or offenses to the United States. Defendant understands that the United States' determination may change if additional evidence becomes known prior to sentencing. Defendant further understands that the Court will ultimately decide whether he qualifies for the safety valve adjustment.

13. **Voluntariness of Plea.** Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

14. **Statute of Limitations.** In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date of breach of the Plea

Plea Agreement/Le/CR02-0294Z - 6

1 | Agreement by Defendant.

2 |     15.   <u>Completeness of Agreement.</u> The United States and Defendant acknowledges that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED: This 20th day of November, 2002.

_____
THANH VAN LE
Defendant

_____
ERIC C. HOORT
Attorney for Defendant

_____
KATHERYN KIM FRIERSON
Assistant United States Attorney

Plea Agreement/Le/CR02-0294Z - 7